# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

## XIAMIN ZENG,
Plaintiff-Appellant,

v.

## JOHN CHELL, ET AL.,
Defendants-Appellees.

### Case No. 25-1956

On Appeal from the United States District Court
for the Southern District of New York
Case No. 19-cv-3218 (JGK) (KHP)
Hon. John G. Koeltl, District Judge

### OPPOSITION TO APPELLEES' MOTION FOR EXTENSION OF TIME

TO THE HONORABLE COURT:

Plaintiff-Appellant Xiamin Zeng respectfully opposes Defendants-Appellees'
motion for extension of time to file their brief and respectfully requests that this
Court deny said motion for the reasons set forth below.

## I. PROCEDURAL BACKGROUND

On September 17, 2025, Appellant timely filed her opening brief in this appeal
challenging the district court's denial of her Federal Rule of Civil Procedure 60(b)
motion. Pursuant to Federal Rule of Appellate Procedure 31(a)(1) and Local Rule
31.2(a)(1), Appellees' brief was due on October 16, 2025—30 days after service of
Appellant's brief.

On September 25, 2025—merely eight days after Appellant's brief was filed and
with over three weeks remaining before their deadline—Appellees filed the instant
motion seeking a substantial 62-day extension until December 17, 2025. Notably,
Appellees provide no substantive justification whatsoever for this extensive delay.

## II. LEGAL STANDARD

Extensions of briefing deadlines are not granted as a matter of course. Federal Rule
of Appellate Procedure 26(b)(1) requires a showing of

"good cause" for any extension. Local Rule 31.2(a)(2) specifically provides that extensions "will be granted sparingly and only upon a showing of exceptional circumstances." The moving party bears the burden of demonstrating such exceptional circumstances warrant the requested relief.

## III. ARGUMENT

### A. Appellees Have Failed to Demonstrate Good Cause or Exceptional Circumstances

Appellees' motion is devoid of any substantive justification for the requested extension. The motion contains no explanation of the circumstances necessitating additional time, no assertion of case complexity, no claim of scheduling conflicts, illness, or other exigent circumstances. The motion merely cites Local Rule 31.2(a)(1)(B) and requests 91 days from the filing of Appellant's brief, providing no reasoning for why such an extension is warranted.

This bare-bones request falls far short of the "exceptional circumstances" required by Local Rule 31.2(a)(2). Courts in this Circuit have consistently held that conclusory requests for extensions, without specific justification, are insufficient to warrant relief.

### B. The Issues Presented Are Well-Established and Do Not Justify Delay

A review of Appellant's brief reveals that this appeal presents well-established legal issues governed by settled precedent, which should not require exceptional preparation time:

**Standard Procedural Questions:** The appeal centers on two primary issues: (1) application of the liberal construction standard from *Haines v. Kerner*, 404 U.S. 519 (1972), to pro se Rule 60(b) motions; and (2) proper application of the four-factor *Pioneer Investment Services Co.* test for excusable neglect. These are well-settled legal standards with extensive Second Circuit precedent that experienced counsel should be familiar with.

**No Complex Novel Issues:** Unlike appeals involving cutting-edge legal questions or intricate statutory interpretation, this case requires application of established procedural rules to a fully developed factual record. The procedural posture significantly limits the scope of legal argument required.

**Fully Developed Record:** The legal record is established, and these are routine procedural matters for experienced civil rights counsel.

**Limited Scope:** The appeal concerns only the district court's denial of a Rule 60(b) motion—not the underlying merits of Appellant's civil rights claims. The procedural posture significantly narrows the scope of legal argument required.

## C. Appellees Have Had Ample Time to Prepare

Appellees have been aware of this appeal since its filing and have had substantial opportunity to prepare their response. The issues on appeal were fully briefed in the district court proceedings, where Appellees successfully opposed Appellant's Rule 60(b) motion. The legal issues require application of well-settled standards.

Moreover, as experienced civil rights defense counsel from the New York City Law Department, Appellees regularly handle appeals involving Rule 60(b) motions and the *Haines*/*Pioneer* standards. These are routine procedural issues within their core competency.

## D. The Requested Extension Would Cause Substantial Prejudice

The 62-day extension sought by Appellees would result in substantial prejudice to Appellant and unnecessary delay in the resolution of this appeal. Appellant, proceeding pro se with limited resources, has a compelling interest in the prompt adjudication of her claims.

This case involves Appellant's civil rights claims under 42 U.S.C. § 1983 against New York City police officers, alleging false arrest, excessive force, malicious prosecution, and deliberate indifference to serious medical needs. The extended delay would further prejudice Appellant's ability to obtain relief for these serious constitutional violations.

Additionally, Appellant's Rule 60(b) motion seeks to reopen her case based partly on former counsel's retention of critical medical records and witness statements. The passage of time inherently prejudices her ability to effectively litigate these claims should she ultimately prevail on appeal.

## E. The Motion Appears to Be Dilatory

The timing and nature of Appellees' motion raise concerns about dilatory tactics. Filing a request for a 62-day extension just eight days after receiving Appellant's brief—without providing any substantive justification—suggests an intent to delay rather than address legitimate scheduling needs.

Given that the legal issues presented are well-established, Appellees are well-positioned to respond promptly to these routine procedural arguments.

## F. No Exceptional Circumstances Justify the Extensive Delay Requested

Local Rule 31.2(a)(2) requires "exceptional circumstances" for extensions of briefing deadlines. Appellees have made no showing whatsoever of such circumstances. The motion appears to be nothing more than a request for additional time for the convenience of counsel, which does not constitute exceptional circumstances warranting a 62-day extension.

The standard 30-day briefing period provided by Federal Rule of Appellate Procedure 31(a)(1) is specifically designed to provide adequate time for preparation of appellate briefs. Absent exceptional circumstances, this period should be sufficient for experienced appellate counsel to respond to the well-established procedural issues presented in this case.

## IV. CONCLUSION

For the foregoing reasons, Appellant respectfully requests that this Court deny Appellees' motion for extension of time and require Appellees to file their brief by the currently scheduled deadline of October 16, 2025. The issues presented are well-established, the record is fully developed, and no exceptional circumstances justify the substantial delay requested.

The interests of justice and judicial efficiency are best served by maintaining the established briefing schedule and ensuring prompt resolution of this appeal.

Respectfully submitted,

Xiamin Zeng
Plaintiff-Appellant, Pro Se
110 Columbia Street, Apt. 1A
New York, NY 10002
amyzane77@gmail.com
(929) 257-1509
September 26, 2025

4

**CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2025, I caused a true and correct copy of the foregoing Opposition to Appellees' Motion for Extension of Time including Motion Information Statement T-1080 to be served via email to:

Shane Magnetti, Esq.
New York City Law Department
100 Church Street
New York, NY 10007
smagnett@law.nyc.gov

Executed on September 26, 2025, at New York, New York.

Xiamin Zeng
Plaintiff-Appellant, Pro Se
110 Columbia Street, Apt. 1A
New York, NY 10002
amyzane77@gmail.com
(929) 257-1509

5

**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s):** 25-1956                                         **Caption** [use short title]

Zeng v. Chell

**Motion for:** Relief from Denial of Rule 60(b) Motion and

Reversal of District Court's Judgment

Set forth below precise, complete statement of relief sought:

Plaintiff-Appellant requests this Court:

(1) Reverse the July 15, 2025 Order denying Rule 60(b) motion;

(2) Vacate the January 24, 2024 Judgment and July 9, 2024 Order;

(3) Remand to grant Rule 60(b) motion and reopen case;

(4) Reverse certification that appeal is not taken in good faith; and

(5) Grant such other relief as justice requires.

**MOVING PARTY:** Xiamin Zeng                            **OPPOSING PARTY:** John Chell, et al.

[x] Plaintiff        [x] Defendant

[x] Appellant/Petitioner   [x] Appellee/Respondent

**MOVING ATTORNEY:** Xiamin Zeng (Pro Se)          **OPPOSING ATTORNEY:** Shane Magnetti, Esq.

[name of attorney, with firm, address, phone number and e-mail]

110 Columbia Street, Apt. 1A, New York, NY 10002          NYC Law Dept., 100 Church Street, New York, NY 10007

(929) 257-1509, amyzane77@gmail.com                          (212) 356-0823, smagnett@law.nyc.gov

Court- Judge/ Agency appealed from: S.D.N.Y. / Hon. John G. Koeltl

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
[x] Yes   [ ] No (explain): _____

Opposing counsel's position on motion:
[ ] Unopposed   [ ] Opposed   [x] Don't Know

Does opposing counsel intend to file a response:
[ ] Yes   [ ] No   [x] Don't Know

Is the oral argument on motion requested?   [x] Yes   [ ] No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set?   [ ] Yes   [x] No   If yes, enter date: _____

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below?   [x] Yes   [ ] No

Has this relief been previously sought in this court?   [ ] Yes   [x] No

Requested return date and explanation of emergency:   N/A - Not an emergency motion

**Signature of Moving Attorney:**

_[signature]_   **Date:** 09/02/2025          Service : [x] Electronic   [ ] Other [Attach proof of service]

Form T-1080 (rev. 10-23)